J-S76010-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ANDREW FRANCIS OWENS, | |
| Appellant | No. 647 WDA 2018 |

Appeal from the Judgment of Sentence Entered March 22, 2018
In the Court of Common Pleas of McKean County
Criminal Division at No(s): CP-42-CR-0000348-2016

BEFORE:  BENDER, P.J.E., KUNSELMAN, J., and MURRAY, J.

MEMORANDUM BY BENDER, P.J.E.:          **FILED FEBRUARY 22, 2019**

Appellant, Andrew Francis Owens, appeals from the judgment of sentence of an aggregate term of 75 to 156 months' incarceration, imposed after a jury convicted him of various offenses, including persons not to possess a firearm, theft by unlawful taking, receiving stolen property, and criminal conspiracy.  On appeal, Appellant seeks to challenge the trial court's denial of his post-sentence motion for a new trial.  Additionally, his counsel, Dennis Luttenauer, Esq., seeks to withdraw his representation of Appellant pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).  After careful review, we affirm Appellant's judgment of sentence and grant counsel's petition to withdraw.

Appellant was convicted of the above-stated offenses based on evidence that he and a cohort, Shawn Mott, stole various items, including a handgun,

from a vehicle belonging to Mark Pessia. After Appellant's conviction, but prior to his sentencing, he filed a "Motion for a New Trial Pursuant to Pa.R.Crim.P. 607." Therein, Appellant contended that his conviction for persons not to possess a firearm was contrary to the weight of the evidence. On March 15, 2018, the trial court denied Appellant's motion for a new trial. On March 22, 2018, the court sentenced him to the aggregate term stated *supra*.

Appellant filed a timely notice of appeal, and he also timely complied with the trial court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Therein, Appellant preserved one issue for our review: "Whether the trail [*sic*] court erred in denying [Appellant's] motion for a new trial pursuant to Pa.R.Crim.P. 607, as filed by trial counsel on March 12, 2018?" Pa.R.A.P. 1925(b), 5/3/18, at 1. On June 7, 2018, the trial court filed a Rule 1925(a) opinion addressing this claim.

Attorney Luttenauer subsequently filed with this Court a petition to withdraw and an **Anders** brief, discussing Appellant's above-stated issue and concluding that it is frivolous, and that Appellant has no other, non-frivolous issues he could pursue herein. Accordingly,

> this Court must first pass upon counsel's petition to withdraw before reviewing the merits of the underlying issues presented by [the appellant]. **Commonwealth v. Goodwin**, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*).
>
> Prior to withdrawing as counsel on a direct appeal under **Anders**, counsel must file a brief that meets the requirements established by our Supreme Court in **Santiago**. The brief must:
>
> > (1) provide a summary of the procedural history and facts, with citations to the record;

> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3) set forth counsel's conclusion that the appeal is frivolous; and
>
> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.
>
> **Santiago**, 978 A.2d at 361. Counsel also must provide a copy of the **Anders** brief to his client. Attending the brief must be a letter that advises the client of his right to: "(1) retain new counsel to pursue the appeal; (2) proceed pro se on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the **Anders** brief." **Commonwealth v. Nischan**, 928 A.2d 349, 353 (Pa. Super. 2007), *appeal denied*, 594 Pa. 704, 936 A.2d 40 (2007).

**Commonwealth v. Orellana**, 86 A.3d 877, 879-80 (Pa. Super. 2014). After determining that counsel has satisfied these technical requirements of **Anders** and **Santiago**, this Court must then "conduct an independent review of the record to discern if there are any additional, non-frivolous issues overlooked by counsel." **Commonwealth v. Flowers**, 113 A.3d 1246, 1250 (Pa. Super. 2015) (citations and footnote omitted).

In this case, Attorney Luttenauer's **Anders** brief complies with the above-stated requirements. Namely, he includes a summary of the relevant factual and procedural history, he refers to portions of the record that could arguably support Appellant's claim, and he sets forth his conclusion that Appellant's appeal is frivolous. He also explains his reasons for reaching that determination, and supports his rationale with citations to the record and pertinent legal authority. Attorney Luttenauer also states in his petition to

withdraw that he has supplied Appellant with a copy of his **Anders** brief and a letter advising Appellant of the rights enumerated in **Nischan**. While counsel initially failed to attach a copy of that letter to his petition to withdraw, he later provided this Court with a copy in response to a *per curiam* order we issued on September 18, 2018. Accordingly, Attorney Luttenauer has complied with the technical requirements for withdrawal. We will now independently review the record to determine if Appellant's issue is frivolous, and to ascertain if there are any other, non-frivolous issues he could pursue on appeal.

Appellant seeks to challenge the weight of the evidence to sustain his conviction for persons not to possess a firearm. We review this claim under the following standard:

> A claim alleging the verdict was against the weight of the evidence is addressed to the discretion of the trial court. Accordingly, an appellate court reviews the exercise of the trial court's discretion; it does not answer for itself whether the verdict was against the weight of the evidence. It is well settled that the jury is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses, and a new trial based on a weight of the evidence claim is only warranted where the jury's verdict is so contrary to the evidence that it shocks one's sense of justice. In determining whether this standard has been met, appellate review is limited to whether the trial judge's discretion was properly exercised, and relief will only be granted where the facts and inferences of record disclose a palpable abuse of discretion.

**Commonwealth v. Houser**, 18 A.3d 1128, 1135-36 (Pa. 2011) (citations and internal quotation marks omitted).

Appellant specifically challenges the weight of the evidence to prove that he possessed the firearm taken from Mark Pessia's vehicle. In rejecting this claim, the trial court reasoned as follows:

[Appellant] was found guilty of all 10 counts in the Information but he only questions his conviction at Count 5, Person Not Possess, Use, Etc. a Firearm. The facts that … are not at issue [or] in dispute are: In the early morning hours of June 26, 2016, [Appellant], Shawn Mott and [Appellant's] girlfriend, "Marissa," were at [Appellant's] residence in Bradford drinking beer. They decided to leave the residence and walk the streets of Bradford. They came upon a parked white truck owned by Mark Pessia. The truck was not locked and [Appellant] and Shawn Mott, without Mr. Pessia's permission, entered the vehicle and took items from it. [Appellant] entered the vehicle through one door and Mott entered through another. They took the items they obtained back to [Appellant's] residence. [Appellant] does not dispute that he has a prior felony conviction that prohibited him from possessing a firearm.

In addition[] to the summary of facts that are not in dispute: Mark Pessia testified that he had his Springfield 9mm handgun in a black bag in his truck and he noticed a few days after June 26, 2016 that the bag, the gun in it and other, items were missing [from] his truck. 1-23-18 Tr. Pgs. 26-27. Shawn Mott testified that "we got into it (truck) and took a bag out." [*Id.* at] 51. He testified that he and [Appellant] entered the truck and took the bag. [*Id.*]

A. We got to the house and went inside and we looked inside the bag to see what we got.

Q. And what was inside the bag?

A. There was a handgun.

Q. And who all was present when you opened that bag?

A. Me and [Appellant].

Q. Okay. After you found that there was a firearm inside, what did you do?

A. We said that we need to get rid of it.

- 5 -

Q. Okay. Who said that … you guys need to get rid of it?

A. We both said it together.

Q. Okay. And so, what happened next?

A. Then [Appellant] left.

Q. Did he take anything with him when he left?

A. He took the handgun.

[*Id.* at] 53-55.

If there was ambiguity about whether [Appellant] knew that there was a gun in the black bag, if it was unclear whether [Appellant] was there when the bag was opened and/or whether [he] had picked up and left with it, there may have been a legal issue regarding whether he intentionally possessed it. … But at this point that is all hypothetical. Shawn Mott made it clear in his testimony that [Appellant] picked up the gun and left his residence with it. He knew that it was a gun and he intentional[ly] took it into his possession to "get rid of it." That action was clearly intentional. Defense counsel vigorously cross examined Mott and asserted that he, not [Appellant], took the gun out of the bag and then kept it. He attempted to attack Mott's credibility and accuracy. However, "the weight of the evidence is exclusively for the finder of fact who is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses." *Commonwealth v. Small*, 741 A.2d 666, 673 (Pa. 1999).

Trial Court Opinion, 6/7/18, at 2-4 (unnumbered).

In light of Mott's testimony, which the jury was entitled to credit, we discern no abuse of discretion in the trial court's conclusion that the verdict did not shock its sense of justice. Additionally, the fact that the jury foreperson wrote three post-trial letters to the court does not alter our decision. In Appellant's motion for a new trial, he summarized the content of those letters, as follows:

In late January and early February, 2018, the jury fore[person] wrote three letters to [the trial court] expressing the belief that [Appellant] did not have a fair trial and that the jurors had failed to accord [Appellant] the presumption of innocence. He believed he had made a "terrible mistake" in not directing the deliberation in a manner consistent with the jury's duty to decide the case on facts, and [he] believed that the verdict would have been significantly different had he fulfilled his responsibilities properly.

Motion for a New Trial Pursuant to Pa.R.Crim.P. 607, 3/12/18, at 2 ¶ 8.

While Appellant contended in his post-trial motion that "[t]he jury fore[person]'s correspondence [with the court after trial] reflects the unreliable nature of [Mott's] testimony[,]" those letters were not evidence in the case. Thus, the trial court could not consider them in assessing the weight of the evidence to support the jury's verdict. Furthermore, as Attorney Luttenauer points out, the court was not permitted to inquire into the validity of the verdict on the basis set forth by the jury foreperson in his letters. Pennsylvania Rule of Evidence 606 states, in pertinent part:

**(b) During an Inquiry into the Validity of a Verdict**

*(1) Prohibited Testimony or Other Evidence.* During an inquiry into the validity of a verdict, **a juror may not testify about any statement made or incident that occurred during the jury's deliberations; the effect of anything on that juror's or another juror's vote; or any juror's mental processes concerning the verdict.** The court may not receive a juror's affidavit or evidence of a juror's statement on these matters.

*(2) Exceptions.* A juror may testify about whether:

(A) prejudicial information not of record and beyond common knowledge and experience was improperly brought to the jury's attention; or

(B) an outside influence was improperly brought to bear on any juror.

Pa.R.E. 606(b) (emphasis added).

Here, the jury foreperson did not allege that the jurors had considered prejudicial information not of record, or that they had been improperly influenced by any outside force. Instead, the foreperson claimed that the jurors did not properly afford Appellant a presumption of innocence. The only way for the court to have gleaned the truth of this claim would have been to elicit the exact sort of testimony from the jurors that Rule 606(b)(1) precludes. Consequently, the trial court properly refused to conduct an inquiry into the basis for the jury's verdict, and it also appropriately disregarded the jury foreperson's letters in assessing the weight of the evidence to support Appellant's firearm conviction.

Because Appellant's weight-of-the-evidence claim is meritless, and we discern no other non-frivolous issues that he could raise on appeal, we affirm Appellant's judgment of sentence and grant Attorney Luttenauer's petition to withdraw.

Judgment of sentence affirmed. Petition to withdraw granted. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/22/2019

- 8 -